OPINION OF THE COURT
Judith J. Gische, J.
Plaintiff commenced an interpleader action against defendants pursuant to CPLR 1006 claiming that it is a "stake *1043 holder”. Plaintiff, a law firm, holds the proceeds of an insurance claim settlement (settlement funds) made on behalf of its client defendant Formisano Recycling Center (Formisano or judgment debtor). Defendant Security Systems by Hammond, Inc. (Security Systems or judgment creditor) obtained an $11,163.73 judgment against Formisano in the New York State Supreme Court in Dutchess County. Security Systems sought to enforce its judgment against the settlement funds. It claims that there is approximately $3,000 remaining to be paid on the judgment. Formisano claims that the judgment has been fully satisfied.
Security Systems served plaintiff, as garnishee, with a restraining notice against the settlement funds. On or about March 15,1996, Security Systems took steps to have the Sheriff levy on the restrained settlement funds. Plaintiff now moves pursuant to CPLR 1006 (g) to stay the office of the Sheriff from levying on the settlement funds which plaintiff is willing to deposit with the court. Security Systems opposes the motion claiming that: (1) the New York City Civil Court has no jurisdiction to "stay” the Sheriff; (2) plaintiff violated the restraining order; and (3) plaintiff has not shown harm if the levy is executed.
The court concludes that not only does the court lack authority to grant the stay requested on this motion but it otherwise has no jurisdiction to hear this proceeding.
CCA 205 gives the New York City Civil Court jurisdiction over interpleader actions "as defined and governed by the CPLR” where the amount in controversy is less than $25,000. CPLR 1006 (a) provides that a "stakeholder” may bring an interpleader action. The statute provides: "A stakeholder is a person who is or may be exposed to multiple liability as the result of adverse claims. A claimant is a person who has made or may be expected to make such a claim. A stakeholder may commence an action of interpleader against two or more claimants.”
Under the CPLR definition of stakeholder, a garnishee could never be a stakeholder because CPLR 5209 prevents a judgment debtor from making any claim against a garnishee who has paid out pursuant to a valid levy. Thus, a garnishee, like the plaintiff at bar, is not subject to any threat of multiple liability vis-a-vis the judgment debtor. CPLR 5209 provides: "A person who, pursuant to an execution or order, pays or deliv *1044 ers, to the judgment creditor or a sheriff or receiver, money or other personal property in which a judgment debtor has or will have an interest, or so pays a debt he owes the judgment debtor, is discharged from his obligation to the judgment debtor to the extent of the payment or delivery.”
The purpose of CPLR 5209 is to protect a garnishee who pays a debt or delivers property pursuant to an execution or court order against any subsequent claim by the judgment debtor for the same property. (Oppenheimer v Dresdner Bank, 50 AD2d 434, 440 [2d Dept 1975], affd 41 NY2d 949 [1977].)
Moreover there is an express statutory mechanism to determine conflicting claims to property held by a third party on behalf of a judgment debtor. CPLR 5239 permits "any interested person” to commence a special proceeding against a judgment creditor or others to determine the rights in the property. CPLR 5239 provides in pertinent part: "Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt. Service of process in such a proceeding shall be made by service of a notice of petition upon the respondent, the sheriff or receiver, and such other person in the same manner as a notice of motion.”
The procedure specifically set out in the CPLR was not followed in this case. The instant action is not a special proceeding, was not commenced by a notice of petition and petition and was not served upon the Sheriff. Moreover, it appears that the New York City Civil Court does not have jurisdiction to hear a postjudgment proceeding brought to determine adverse claims where, as here, the underlying judgment was obtained in the Dutchess County Supreme Court. CPLR 5239 further states: "The proceeding may be commenced in the county where the property was levied upon, or in a court or county specified in subdivision (a) of section 5221.”
CPLR 5221 (a) (3) provides that the New York City Civil Court may hear postjudgment enforcement proceedings only where the judgment was entered in the Municipal Court, City Court or Civil Court of the City of New York. The Civil Court does not have jurisdiction to hear enforcement proceedings on Supreme Court judgments entered in Dutchess County. CPLR 5221 otherwise sets forth the court or courts in which such a proceeding may be commenced. While CPLR 5239 also expressly permits an adverse claim enforcement proceeding to be *1045 commenced in the "county” where the property was levied upon (which in this case is New York County) the Civil Court still does not have jurisdiction to hear enforcement proceedings related to judgments made in "higher” courts such as the Supreme Court. (Siegel, NY Prac §§ 493, 521 [2d ed 1991].)
Accordingly, the motion for a stay is denied. The court, based upon its determination that there is no jurisdiction in this court sua sponte dismisses the action without prejudice to commencing a special proceeding in a court of competent jurisdiction.